# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-647-RJC-DCK

| | |
|---|---|
| **CRAIG MESICK and JOYCE MESICK,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **NORTH CAROLINA STATE BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Beachum's Motion To Dismiss Plaintiffs Original Complaint…" (Document No. 21) filed November 15, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

**DISCUSSION**

Here, *pro se* Plaintiffs filed an "Amended Complaint" (Document No. 14) on November 14, 2023. Moreover, Defendant Beachum's request for additional time to respond to Plaintiffs' Amended Complaint was granted on November 21, 2023. See (Document Nos. 23, 24). Defendant Beachum's Answer, or other response to the Amended Complaint, is due by December 18, 2023. (Document No. 24).

Plaintiffs' Amended Complaint (Document No. 14) supersedes the original Complaint (Document No. 1); as such "Defendant Beachum's Motion To Dismiss Plaintiffs Original Complaint…" (Document No. 21) should be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Defendant Beachum's Motion To Dismiss Plaintiffs Original Complaint…" (Document No. 21) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: December 1, 2023

David C. Keesler
United States Magistrate Judge