# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:23-CV-647-RJC-DCK

| | |
|---|---|
| JOYCE MESICK and CRAIG MESICK, on behalf of minor child H.M., | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER**<br>) |
| NORTH CAROLINA STATE BOARD OF EDUCATION, DONALD VAN DER VAART, CATHERINE TRUITT, UNION COUNTY BOARD OF EDUCATION NC OAH, ANDREW HOULIHAN HILLARY KOBOTH, LAURA BEACHUM, and SARAH STALEY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion for Extension to Respond…" (Document No. 38) filed January 2, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

Plaintiffs are appearing in this action without counsel, and the pending requests for relief are supported by little, if any, cogent argument or legal authority. First, it appears that Plaintiffs seek additional time to respond to the pending motions to dismiss (Document Nos. 28, 31, 33, and 35). (Document No. 38, p. 1). Under the circumstances, the undersigned will allow Plaintiffs additional time to respond to the motions to dismiss. <u>See</u> (Document Nos. 30 and 37).

Next, Plaintiffs seek the production of various documents from Defendants and/or their counsel. (Document No. 38, pp. 2-3). The undersigned will respectfully deny such requests for

production as premature, without prejudice to Plaintiffs re-filing such requests at a later date if this matter proceeds to discovery and if Defendants fail to produce appropriate responses to relevant and proportional discovery requests. See Fed.R.Civ.P. 26. To the extent Plaintiffs object to certain Defendants' legal representation, the undersigned is not persuaded that Plaintiffs are entitled to any relief.

Finally, Plaintiffs seem to seek the appointment of counsel so that they can then seek the *pro hac vice* admission of Plaintiff Joyce Mesick's father. Litigants do not have a constitutional right to the appointment of counsel in civil cases. A court may in its discretion appoint counsel for a civil litigant "only in exceptional circumstances." Owens v. Harrison, 2010 WL 2680339 at *2 (E.D.N.C. July 6, 2010) (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).

At this time, the Court does not construe this as a case with exceptional circumstances requiring the appointment of counsel and will, therefore, respectfully deny the appointment of counsel. Regardless of whether or not Plaintiffs have counsel, the suggestion that the pending motion(s) to dismiss are "null and void" is inaccurate. (Document No. 38, p. 3). To the contrary, the pending motions require prompt responses. See (Document Nos. 30 and 37).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion for Extension to Respond…" (Document No. 38) is **GRANTED in part** and **DENIED in part**, as follows: Plaintiffs are granted an extension of time to respond to all the pending motions to dismiss until **January 26, 2024**; Plaintiffs' remaining requests for relief are denied without prejudice.

**SO ORDERED**.

Signed: January 10, 2024

David C. Keesler
United States Magistrate Judge