IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-647-RJC-DCK

| | |
|---|---|
| CRAIG MESICK and JOYCE MESICK, on behalf of H.M., | ) ) ) |
| Plaintiffs, | ) **ORDER** |
| v. | ) ) ) |
| NORTH CAROLINA STATE BOARD OF EDUCATION, et al., | ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the following motions: "Motion To Dismiss Of The Defendants, the North Carolina Office Of Administrative Hearings And Donald R. Van Der Vaart..." (Document No. 28); "Defendant Union County Board Of Education's Motion To Dismiss..." (Document No. 31); "Defendants Beachum, Houlihan, and Staley's Motion To Dismiss..." (Document No. 33); "Defendants North Carolina State Board Of Education And Catherine Truitt's Motion To Dismiss..." (Document No. 35); "Defendant Kroboth's Motion To Dismiss..." (Document No. 44); and *pro se* Plaintiffs' "Motion to Amend" (Document No. 51).

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motion to amend, and direct that the pending motions to dismiss be denied as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one

to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned first notes that *pro se* Plaintiffs filed a "Notice Of Voluntary Dismissal With Prejudice" (Document No. 54) on June 17, 2024, as to Defendants Laura Beachum, Andrew Houlihan, Hillary Kroboth, Sarah Staley, and the Union County Board of Education. In addition, Plaintiffs voluntarily dismissed the related action of Mesick v. Union County Board of Education, 3:24-CV-502-RJC-SCR on June 17, 2024

Plaintiffs' dismissal in this action moots these Defendants' pending Motions To Dismiss (Document Nos. 31, 33, and 34). Moreover, the dismissed Defendants – Beachum, Houlihan, Kroboth, Staley, and Union County Board of Education – were the only Defendants to oppose, or even respond to, Plaintiffs' pending "Motion to Amend." See (Document No. 52).

2

Case 3:23-cv-00647-RJC-DCK   Document 55   Filed 06/18/24   Page 2 of 4

Based on this narrowing of the parties/issues, and the lack of any pending opposition of record to the "Motion to Amend," the undersigned will allow Plaintiffs to file a Second Amended Complaint which supersedes the Amended Complaint (Document No. 14). Furthermore, the undersigned will direct that all the pending motions to dismiss (Document Nos. 28, 31, 33, 35, and 44) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent the remaining Defendants contend the Second Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion(s) to dismiss the Second Amended Complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion to Amend" (Document No. 51) is **GRANTED**. Plaintiffs shall file a Second Amended Complaint on or before **July 2, 2024**. Further amendments are unlikely to be allowed.

3

**IT IS FURTHER ORDERED** that the "Motion To Dismiss Of The Defendants, the North Carolina Office Of Administrative Hearings And Donald R. Van Der Vaart..." (Document No. 28) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendant Union County Board Of Education's Motion To Dismiss..." (Document No. 31) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendants Beachum, Houlihan, and Staley's Motion To Dismiss..." (Document No. 33) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendants North Carolina State Board Of Education And Catherine Truitt's Motion To Dismiss..." (Document No. 35) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendant Kroboth's Motion To Dismiss..." (Document No. 44) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: June 18, 2024

David C. Keesler
United States Magistrate Judge