IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-647-UJ1-DCK

| | |
|---|---|
| CRAIG MESICK and JOYCE MESICK, ) | |
| ) | |
| Plaintiffs, ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| v. ) | |
| ) | |
| NORTH CAROLINA STATE BOARD OF ) | |
| EDUCATION, CATHERINE TRUITT, ) | |
| NORTH CAROLINA OFFICE OF ) | |
| ADMINISTRATIVE HEARINGS, and ) | |
| DONALD VAN [D]ER VAART, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion Of The Defendants, The North Carolina Office Of Administrative Hearings, And The Honorable Donald Van Der Vaart, …To Dismiss The Plaintiffs' Second Amended Complaint" (Document No. 57) and Defendants North Carolina State Board Of Education and Catherine Truitt's "Motion To Dismiss Plaintiffs' Second Amended Complaint" (Document No. 60). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motions be <u>granted</u>.

I. BACKGROUND

Craig Mesick and Joyce Mesick ("Plaintiffs"), appearing *pro se*, initiated this action with the filing of a Complaint on October 10, 2023. (Document No. 1). Plaintiffs later filed an Amended Complaint (Document No. 14) on November 14, 2023. On June 17, 2024, *pro se*

Plaintiffs voluntarily dismissed the Union County Board of Education, Laura Beachum, Andrew Houlihan, Hillary Kroboth, and Sarah Staley (the "UCBOE Defendants") from this action. (Document No. 54). In addition, Plaintiffs voluntarily dismissed the related action of Mesick v. Union County Board of Education, 3:24-CV-502-RJC-SCR on June 17, 2024.

Plaintiffs filed a Second Amended Complaint (Document No. 57) (the "Complaint") on July 5, 2024. Notably, the instant Complaint is nearly identical to the previous Complaint. (Compare Document Nos. 14 and 56).[1] Two exceptions are the caption in the instant Complaint omits the voluntarily dismissed UCBOE Defendants, and the instant Complaint seeks damages of $1.1 million, while the previous Complaint sought damages of $11.1 million. See (Document No. 14, pp. 1, 45; Document No. 56, pp. 1, 46). Neither of the amended Complaints include the attachments they reference. See (Document No. 14, p. 48; Document No. 56, p. 48). The instant Complaint also provides some updates regarding the underlying proceedings, including that on February 23, 2024, there was a "[f]inal decision ordering 595 hours of compensatory education for a Child Find and FAPE violation," and that in June 2024, "Union County settles case with parents." (Document No. 56, pp. 7, 9).

The Complaint describes this case as a "suit for damages arising from the negligence, retaliation and discrimination of a 10 year old 4th grader with a disability, . . . (H.M.) by all defendants." (Document No. 56, p. 1). Plaintiffs' minor child, H.M., was diagnosed in or about October 2020, with "pediatric autoimmune neuropsychiatric disorders associated with streptococcus" ("PANDAS"). (Document No. 56, p. 2). "The syndrome involves sudden and often major changes in personality, behavior, and movement in children following . . . multiple infections involving Streptococcus pyogenes (streptococcal-Infection)." Id.

---

[1] Despite the similarities between the documents, the Complaint was still filed three (3) days late.

The Complaint fails to provide a coherent recitation of the facts underlying this lawsuit. Based on the Complaint and the briefs in support of dismissal, it appears that the crux of the case is that H.M. is (or was) a student at a school that is run by the Union County Board of Education ("UCBOE"), and that the school allegedly failed to allow H.M. to participate within the general education setting in the least restrictive environment and failed to provide H.M. with a free and appropriate public education ("FAPE"). Apparently, Plaintiffs filed a due process complaint against the UCBOE with the North Carolina Office of Administrative Hearings ("NCOAH") in or about early June 2023. (Document No. 56, pp. 3, 6-7).

Plaintiffs' claims in the present matter purportedly arise out of their disagreement with the NCOAH ALJ's decision(s). See (Document No. 56, p. 3; Document No. 61, p. 2). However, Plaintiffs provide very little information about what decision or decisions they disagree with, and do not cite or attach such decision(s). (Document No. 56). Plaintiffs contend that the "ALJ's first decision is not consistent with the transcript or record," and suggest that the ALJ improperly incorporated a proposed order from Respondent in the underlying NCOAH action. (Document No. 56, p. 3). However, the Complaint does not seem to suggest any error regarding the ALJ's "Final decision…," entered on or about February 23, 2024, and Plaintiffs do not attach or address that decision even though they seem to cite to it as "Exhibit 21." See (Document No. 56, pp. 7, 9).

It appears to the undersigned that most, if not all, of the factual allegations in the Complaint are focused on parties that have already been voluntarily dismissed. See (Document Nos. 14, 54, and 56). As noted above, Plaintiffs made little effort to update their claims and allegations after the voluntary dismissal of the "UCBOE Defendants" from this action. Id.

Plaintiffs appear to be alleging the following causes of action against all Defendants: willful negligence; U.S. Constitutional Amendment Violations (First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Fourteenth); retaliation and discrimination under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"); violations of the Individuals with Disabilities Education Act ("IDEA"); conspiracy and obstruction pursuant to 42 U.S.C. § 1985(3) and § 1986; and obstruction of justice pursuant to 18 U.S.C. § 1503. See (Document No. 56, pp. 9-37). Plaintiffs may also be alleging violations under 42 U.S.C. § 1983. (Document No. 56, pp. 41, 45).

The North Carolina Office of Administrative Hearings ("NCOAH") and Donald van der Vaart ("van der Vaart"), Director and Chief Judge of the NCOAH, filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (2) and(6), on July 15, 2024. (Document No. 57). The North Carolina State Board Of Education ("NCSBE") and Superintendent Catherine Truitt ("Truitt") (together, the "NCSBE Defendants") filed a "Motion To Dismiss Plaintiffs' Second Amended Complaint" (Document No. 60) on July 16, 2024. "Plaintiffs' Response In Opposition To Defendants' Motion[s] To Dismiss" (Document No. 71) was filed on October 4, 2024. The "Reply Brief Of Defendants Donald Van Der Vaart And The North Carolina Office Of Administrative Hearings" (Document No. 72) was filed on October 11, 2024. The NCSBE Defendants filed a "Notice Pursuant To Local Civil Rule 7.1(e)" (Document No. 73) on October 14, 2024, indicating that they declined to file a reply brief.

The pending motions have been fully briefed and are ripe for review and a recommended disposition to the presiding District Judge.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

The remaining Defendants make several compelling arguments for dismissal. See (Document Nos. 57, 58, 60, 61, and 72). However, what is most striking to the undersigned is the complete lack of factual content to support plausible claims against the remaining Defendants.

Defendants NCOAH and van der Vaart assert that:

> nowhere in their Second Amended Complaint do any of the plaintiffs allege that either the OAH or Judge van der Vaart had any involvement whatever with any of the matters they allege in their Second Amended Complaint except for one thing—the OAH's *adjudication* of their two OAH petitions for contested case hearings.

(Document No. 58, p. 3).

Defendants NCOAH and Judge van der Vaart further assert that the Complaint alleges very little about NCOAH, "and not one word about what Judge van der Vaart – did or failed to do that had anything to do with these alleged legal violations." (Document No. 58, p. 5). Defendants note that the ALJ decision Plaintiffs identify in the Complaint "was not signed by Judge van der Vaart,

6

because he had nothing to do with the litigation or the conduct of this contested case proceeding, other than merely assigning the ALJs who presided over the plaintiffs' two OAH proceedings at the time the plaintiffs filed them." (Document No. 58, p. 5, n. 5) (citing Document No. 56, p. 3; Document No. 29-3).

Similarly, the SBE Defendants assert in their motion to dismiss that "Plaintiffs fail to describe any specific allegations against" them. (Document No. 61, p. 3). The SBE Defendants note that "Plaintiffs failed to plead any facts showing how the SBE played any role in a decision by a local school board on an MDR [manifest determination review]" and "Plaintiffs fail to plead any facts showing how the SBE committed any alleged 'DPCs and violations.'" (Document No. 61, p. 3) (citing Document No. 56, p. 35)("Plaintiff alleges that all Defendants independently knew, or should have known, that H.M was being targeted in connection to but not limited to PRIOR DPC's and violations by UCPS and NCDOE."[2] The SBE Defendants conclude that "[a]s there are no allegations against the SBE Defendants, Plaintiffs failed to state any claim against the SBE Defendants, and all claims against the SBE Defendants should be dismissed with prejudice." (Document No. 61, p. 9).

In addition, the remaining Defendants all argue that even if Plaintiffs alleged sufficient facts to support plausible claims against them, they are immune from suit. NCOAH notes that it "is an independent, *quasi*-judicial tribunal" and that "[a]n OAH "contested case" is a *quasi*-judicial, administrative proceeding to resolve the rights, duties, or privileges of a person involved in a dispute with an administrative agency." (Document No. 58, pp. 6-8). "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims," as are quasi-judicial officials "whose duties are comparable to those of judges or prosecutors" are

---
[2] The parties do not appear to define "DPCs," which may refer to "due process complaints."

likewise entitled to absolute immunity." (Document No. 58, p. 8) (citing Bosely v. Lemmon, 287 Fed. App'x. 273, 279 (4th Cir. 2008); Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999)).

The SBE Defendants contend they are protected by Eleventh Amendment immunity:

> Eleventh Amendment immunity protects unwilling states from suit in federal court and "extends to state agencies and other governmental entities that can be viewed as arms of the State." *Md. Stadium Auth.*, 407 F.3d 255, N. 8. "State officers acting in their official capacity are also entitled to Eleventh Amendment protection, because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

(Document No. 61, pp. 10-11).

The remaining Defendants conclude that the claims against them should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and/or (6). (Document Nos. 58 and 61).

"Plaintiffs' Response In Opposition…" is concise and conclusory. (Document No. 71). Plaintiffs argue, *inter alia*, that (1) the claims against NCOAH and Chief Judge Donald van der Vaart stem from "administrative actions that are outside the scope of such immunity"; (2) the "claims against Judge van der Vaart relate to willful and malicious conduct, which is not shielded by public official immunity"; and (3) that the "complaint provides detailed allegations outlining the Defendants' actions, which, when taken as true, establish plausible claims for relief." (Document No. 71, p. 1).

NCOAH and Judge van der Vaart filed a reply brief that asserts in pertinent part that

> the Second Amended Complaint, which is fifty pages long, contains no allegations whatsoever of actual conduct by Defendant van der Vaart. (Document No. 56) In fact, aside from including his name in the caption, the Second Amended Complaint makes no mention of Defendant van der Vaart at all. The absence of such allegations hardly supports Plaintiffs' contention that the basis of their claims against Defendants arise from administrative and not judicial acts.

8

(Document No. 72, p. 2).

Regarding immunity, Defendants further assert that

> Eleventh Amendment immunity applies to "state agents and state instrumentalities" and operates as a bar to the suit itself, not just a defense to liability. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479, 482 (4th Cir. 2005). Furthermore, § 1983 limits viable private rights of action to those brought against a "person" who deprives an individual of constitutional rights under color of state law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). However, a State is not "a 'person' within the meaning of [42 U.S.C.] § 1983." *Id.* at 66. Since Defendant NCOAH is unquestionably a state agency, *see* N.C.G.S. § 7A-750 (creating the Office of Administrative Hearings as "an independent, quasi-judicial agency under Article III, Sec. 11 of" the North Carolina Constitution), Plaintiffs cannot pursue claims against it for money damages under 42 U.S.C. § 1983.

(Document No. 72, p. 3).

The SBE Defendants filed a "Notice Pursuant To Local Civil Rule 7.1(e)" indicating that they did not intend to file a Reply. (Document No. 73).

In short, the undersigned finds Defendants' arguments for dismissal to be persuasive. The instant Complaint, even construed in the light most favorable to *pro se* Plaintiffs, lacks sufficient factual content to support any plausible claims against the remaining Defendants, and therefore, should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

As noted above in the Standard Of Review "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Contrary to "Plaintiff's Response…," the Complaint does <u>not</u> provide "detailed allegations outlining Defendants' actions" or allegations of "willful and malicious conduct" by Judge van der

Vaart.[3] As suggested by Defendants, there is no mention of Judge van der Vaart in the Complaint beyond naming him as a party, and there are few, if any, factual allegations against the other remaining Defendants. See (Document No. 56). "Plaintiff's Response…" is not helpful and some of Plaintiffs' assertions therein are misleading. (Document No. 71).

It appears that this lawsuit was primarily aimed at the UCBOE Defendants and their alleged acts, or failures to act, regarding Plaintiffs' child. Despite reaching a settlement with the UCBOE Defendants, Plaintiffs essentially re-filed the same Complaint against the UCBOE Defendants, which happens to also mention the SBE Defendants, NCOAH, and Judge van der Vaart, but does not include plausible claims against these remaining Defendants.

The undersigned observes that while the Complaint provides few allegations against the remaining Defendants in this case, it still includes the following allegations that apparently refer to the UCBOE Defendants: "Plaintiffs can show that UCBOE was negligent in their Duty of Care of H.M."; "deliberate actions on part of the defendants, to punish with cruelty and torture by placing H.M into a educational setting…"; "Members of The IEP team failed to recognize aspects of [] behavior despite having notice[,] which demonstrates deliberate indifferent"; [t]he District failed to find, and initiate an evaluation on H.M for an IEP for over 2 years"; "petitioners can prove that the district had prior knowledge of the disability because H.M. has a Section 504 plan"; "[b]ecause the district failed to find, and evaluate H.M, [H.M.] has been denied a Free and Appropriate Public Education"; "[o]n 5/26/2023 the district reneged their agreement and legal obligation to complete the FBA"; "district members of the IEP team refused to discuss any of the

---

[3] "Plaintiffs' Response…" does not include *any* citations to the Complaint that might help the Court identify "detailed allegations," claims relating to "willful and malicious conduct," or any other support for having alleged plausible claims against the remaining Defendants. (Document No. 71).

data or other aspects of the development of the IEP"; and "[b]y IDEA law the district has 60 days to complete the evaluation." (Document No. 56, pp. 10, 11, 17, 20, 23, 24, 26, 27, 30).

The undersigned finds that the Complaint (Document No. 56) fails to allege sufficient factual content to support plausible claims against the North Carolina Office Of Administrative Hearings, the Honorable Donald Van Der Vaart, the North Carolina State Board Of Education and Catherine Truitt.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion Of The Defendants, The North Carolina Office Of Administrative Hearings, And The Honorable Donald Van Der Vaart, …To Dismiss The Plaintiffs' Second Amended Complaint" (Document No. 57) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendants North Carolina State Board Of Education and Catherine Truitt's "Motion To Dismiss Plaintiffs' Second Amended Complaint" (Document No. 60) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude

the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 22, 2025

David C. Keesler
United States Magistrate Judge